REDMANN, Chief Judge,
dissenting.
In reversing this court’s judgment “insofar as it dismissed” Lonnie Landry’s claim and ordering reconsideration by a different panel, the supreme court can hardly have meant that this court could merely reinstate the earlier judgment of the disbenched panel. The supreme court judgment obliges us to take one of two positions:
(1) the earlier judgment’s casting of Lonnie Landry among several persons liable in solido to his guest passenger Henry Landry might be deemed reversed by the supreme court “insofar as” it equates to or obliges a dismissal of Lonnie’s claim; or
(2) that judgment’s casting of Lonnie in favor of his guest passenger might be deemed not to exclude, as impossibly inconsistent, a judgment in Lonnie’s favor against the other driver and entities responsible for him: whatever the “law of the case” in Henry versus Lonnie, Lonnie versus the other driver is a different case.
Although Henry versus Lonnie is not before us, it may be that Lonnie owed Henry a duty of care for whose breach he was liable to Henry; and that he owed to himself the same duty of care: but that he did not owe that duty to the driver on the non-favored street, while, to the contrary, that driver did owe a duty to Lonnie, and that driver’s duty to Lonnie included within the risks it sought to protect against the possibility that Lonnie might be less than perfectly observant of his duty to himself to maintain a careful lookout or the like.